133 So.2d 554 (1961)
In the Matter of THE FLORIDA BAR, Petitioner.
No. 31073.
Supreme Court of Florida.
October 11, 1961.
Charles Fulton, West Palm Beach, Robert M. Ervin, Tallahasse, and William A. Hamilton, Jacksonville, for The Florida Bar, petitioner.
THORNAL, Justice.
The Florida Bar has filed its original petition here requesting approval of certain amendments to the Integration Rule and the Code of Ethics to enable members of the petitioner to qualify under a State Statute known as "The Professional Service Corporation Act," Chapter 61-64, Laws of 1961.
We must decide whether members of The Florida Bar should be permitted to practice law as a corporate entity pursuant to statute above mentioned.
Our jurisdiction stems from Section 23, Article V, Florida Constitution, F.S.A., which provides in part that: "The supreme court shall have exclusive jurisdiction over the admission to the practice of law and the discipline of persons admitted." The Integration Rule governing the Florida Bar was adopted by this Court originally on *555 March 4, 1950, pursuant to an approving decision filed June 7, 1949. Petition of Florida State Bar Ass'n, Fla., 40 So.2d 902. The original rule was revised on December 6, 1955. Under this rule all persons licensed to practice law in this State are required to be members of The Florida Bar and are prohibited from engaging in the practice of law unless they are members of The Florida Bar in good standing. A lone exception is the privilege of a nonresident lawyer to participate in litigation in this State under a rule of comity.
At its 1961 Session the Florida Legislature enacted Chapter 61-64, known as "The Professional Service Corporation Act." This statute will be referred to herein as "The 1961 Act." We recognize the authority of the Legislature to enact legislation regulating the organization and operation of corporations. However, the responsibility which the Constitution imposes upon us to supervise admissions to the practice of law and the discipline of those admitted, necessarily requires an examination by this Court into any proposal that directly affects these two constitutional functions. Enabling action by this Court is therefore an essential condition precedent to authorize members of The Florida Bar to qualify under and engage in the practice of their profession pursuant to The 1961 Act.
The petition now before us was filed pursuant to Article XIII of The Integration Rule, 31 F.S.A., governing amendments thereto after the publication of notice of hearing in The Florida Bar Journal. A public hearing has been held and the matter has been thoroughly considered.
Chapter 61-64, supra, is similar to statutes recently enacted by the Legislatures of a number of other states. Connecticut, Public Act No. 158; Georgia, Act No. 285 of 1961; Illinois, Senate Bill No. 804 of 1961; Ohio, Senate Bill No. 550 of 1961; Oklahoma, Senate Bill No. 399 of 1961; Pennsylvania, Act 416 (Senate Bill 525), 1961; Texas, Chapter 158 (Vernon's Ann. Civ.St., Art. 6132b); Wisconsin, Chapter 350, Laws of 1961. The basic purpose of these enactments is to enable those engaged in various professions to form corporations or associations for the practice of their professions. The statutes apply particularly to numerous professional and other self-employed groups which previously were not permitted to incorporate. Traditionally, the so-called learned professions have not been permitted to practice as corporate entities. 13 Am.Jur., Corporations, Section 837, page 838; 5 Am.Jur., Attorneys at Law, Section 25, page 276. The principal reason for this change in attitude regarding these professional groups appears to arise out of the provisions of the Internal Revenue Code of 1954, U.S.C.A. Title 26, § 1 et seq., which permit an employer to establish a pension fund for the benefit of his employees. Payments by the employer into the fund are income tax deductible. Payments to the employee do not subject him to income tax until he actually receives the pension later in life. Stockholders of corporations can be employees thereof even though they own the corporate entity. Corporate stockholders can thus take advantage of these benefits. The Internal Revenue Code, supra, has been interpreted so that the owners of an unincorporated business or professional partnership cannot obtain similar benefits. The American Bar Association has strongly supported federal legislation aimed at permitting self-employed persons to receive the same tax privileges in regard to tax deferred pension plans as have been accorded to those employed by corporations and others for a number of years. See "Tax Equity for Self-employed" by Eugene J. Keogh, American Bar Association Journal, July 1961, Volume 47, No. 7, page 665; American Bar News, August 15, 1961, Volume 6, No. 9.
The current State legislation typified by Chapter 61-64, supra, is an outgrowth of various regulations promulgated by the Internal Revenue Service of the United States Treasury Department following the decision of the United States Court of Appeals in *556 United States v. Kintner et al., 9 Cir., 216 F.2d 418. By that decision the Court of Appeals of the Ninth Circuit granted to an unincorporated association organized by a group of doctors the status of a corporate employer for income tax purposes. Motivated by this decision the Internal Revenue Service promulgated a number of regulations establishing standards by which various associations would be categorized for purposes of taxation. Federal Tax Regulations, 1961, Section 301.7701; Code of Federal Regulations, Title 26, Section 301.7701-1 et seq. Since the promulgation of these regulations the state legislation, which we have mentioned, has ensued in order to enable various self-employed businesses and professions, not previously privileged to incorporate, to form organizations that would legitimately and in good faith meet the requirements of the United States Treasury Department.
This state legislation and those who seek to meet its requirements are not to be catalogued as devious or evasive. We construe the legislation, including Chapter 61-64, supra, as a frank and forthright effort to adapt certain business and professional relationships to the requirements of the Internal Revenue Service in order that the members of such businesses or professions may be placed on an equal footing with other taxpayers. For a helpful discussion see, "The Professional Corporation" by H. Bradley Jones, Fordham Law Review, Autumn 1958, Vol. XXVII, No. 3, page 353.
We have dwelt on the reasons for the Florida enactment and the amendments to the Integration Rule in order that we might better define the purposes of the pending petition and lay the basis for any future interpretation of the Rules which we hereafter announce. It is not our function to announce the standards which the Internal Revenue Service will apply in determining the classification to which an organization might belong for purposes of taxation. However, we understand the rule to be that local law governs "in determining whether the legal relationships which have been established in the formation of an organization are such that the standards are met." Federal Tax Regulations, 1961, Section 301.7701-1(c). Traditionally, prohibition against the practice of a profession through the corporate entity has been grounded on the essentially personal relationship existing between the lawyer and his client, or the doctor and his patient. This necessary personal relationship imposes upon the lawyer a standard of duty and responsibility which does not apply in the ordinary commercial relationship. The non-corporate status of the lawyer was deemed necessary in order to preserve to the client the benefits of a highly confidential relationship, based upon personal confidence, ability, and integrity. If a means can be devised which preserves to the client and the public generally, all of the traditional obligations and responsibilities of the lawyer and at the same time enables the legal profession to obtain a benefit not otherwise available to it, we can find no objection to the proposal.
As we read Chapter 61-64, supra, implemented by the Rules which we hereafter announce, the highly personal obligation of the lawyer to his client is in no way adversely affected. The individual practitioner, whether a stockholder in a corporation or otherwise, will continue to be expected to abide by all of the Rules and Canons of professional ethics heretofore or hereafter required of him. The corporate entity as a method of doing business will not be permitted to protect the unfaithful or the unethical. As a matter of fact, the corporate entity itself will automatically come within the ambit of our jurisdiction in regard to discipline. In addition to the individual liability and responsibility of the stockholder, the corporate entity will be liable for the misprisions of its members to the extent of the corporate assets. As we read the subject statute and the implementing rules proposed by the petitioner, a corporation organized under the statute and rules will meet substantially the requirements of the aforementioned regulations of *557 the Internal Revenue Service. The members will be associated together as stockholders. They will have as their objective the conduct of the affairs of the corporate entity with a division of the profits. There will be continuity of life and centralization of management. There will be liability for corporate debts to the limit of the corporate assets. Finally, there will be a modified form of transferability of interests. There is some limitation on transferability by the requirement which restricts the transfer of stock in a professional service corporation to one who is a member of the profession and subject to the privilege of remaining stockholders to acquire the stock offered for transfer.
In approving the rules which we hereafter announce the members of The Florida Bar are again forewarned that such approval is not to be construed as an intention to eliminate any of their obligations as individuals to meet the requirements of the Integration Rule and the Rules and Canons of Ethics. On the contrary, because of the privilege that is being made available to the lawyers of this State there will be increased responsibilities commensurate with the privilege. Inasmuch as the entire proposal is so completely interwoven into the federal tax structure the members of the Bar are likewise forewarned of the advisability of making certain that any contemplated procedure under the rules and statute meet with the approval of the governing authorities of the United States Treasury Department. As pointed out above, it is not within the province of this Court to guarantee any such approval. We can give no assurances against the results which might follow precipitous action which subsequently fails to gain the stamp of approval of the taxing authorities. We are pioneering in a new field of professional relationships and responsibilities. In the interest of individual clients, the public and the practitioner, care and caution should guide the footsteps of those who venture into this relatively unexplored area.
Subject to the foregoing, The Integration Rule of The Florida Bar, as amended on December 6, 1955, shall be and the same is hereby amended as follows, to wit:
(1) By adding a new paragraph numbered 7 to Article II, "Membership", to read as follows:
"7. Professional service corporations organized under The Professional Service Corporation Act are not prohibited by this article from engaging in the practice of law, so long as such corporation and all of its shareholders, officers, directors, agents and employees who are members of The Florida Bar comply with the applicable provisions of the Integration Rule and By-Laws of The Florida Bar."
(2) By adding a new Article XV.
"Article XV
"Professional Service Corporations
"1. Professional service corporations organized to practice law pursuant to the provisions of The Professional Service Corporation Act are authorized to engage in the practice of law in Florida but only while all shareholders of such corporation are active members of The Florida Bar in good standing and only while such corporation and all of its shareholders, officers, directors, agents and employees comply with the provisions of The Professional Service Corporation Act and the applicable provisions of the Integration Rule and By-Laws of The Florida Bar.
"2. No professional service corporation may engage in the practice of law except through officers, agents or employees who are active members of The Florida Bar in good standing.
"3. No person shall serve as a director of a professional service corporation engaged in the practice of law except an active member of The Florida *558 Bar in good standing. No person shall be elected or shall serve as an executive officer of any such corporation except a person who is a shareholder in such corporation
"4. (a) Before a professional service corporation shall engage in the practice of law, it shall file with The Florida Bar a true copy of its Articles of Incorporation duly certified by the Secretary of State of Florida and an initial report.
"(b) Professional service corporations engaged in the practice of law shall file with The Florida Bar annual reports and such other reports as may be required by this Court or the Board of Governors. Annual reports shall be filed by the first day of August and shall be for the period ending the preceding June 30th.
"(c) Within 30 days after a change in composition or identity of shareholders, officers or directors of a professional service corporation engaged in the practice of law, a written report of such change shall be made to The Florida Bar and to the Supreme Court. A certified copy of all amendments to the Articles of Incorporation shall likewise be filed within 30 days after the effective date of each such amendment.
"(d) The initial and annual reports shall contain the names and addresses of all shareholders, officers and directors, the address of each office of the corporation, the fictitious name, if any, used or to be used by the corporation and such other information as may be required by this Court or the Board of Governors.
"(e) Reports of professional service corporations filed with The Florida Bar shall be signed and certified by all shareholders, officers and directors, except when prevented by absence or incapacity.
"(f) The Florida Bar by its By-Laws may prescribe forms and filing fees for all reports filed with it by professional service corporations engaged in the practice of law.
"5. A lawyer who, while acting as a shareholder, officer, director, agent or employee of a professional service corporation engaged in the practice of law, violates or sanctions the violation of the provisions of The Professional Service Corporation Act or the Integration Rule or By-Laws of The Florida Bar specifically relating thereto shall be subject to disciplinary action."
The Code of Ethics adopted by the Supreme Court of Florida shall be and it is hereby amended:
(1) By revising Canon 33, Rule B, "Ethics Governing Attorneys", to read as follows:
"33. Partnership  Professional Service Corporations 
"Partnerships among lawyers for the practice of their profession are very common and are not to be condemned. The formation and use of a professional service corporation for the practice of law pursuant to the provisions of The Professional Service Corporation Act shall be permissible, subject always to compliance with such rules, regulations and requirements as may from time to time be promulgated by the Supreme Court of Florida. In the formation of partnerships and professional service corporations and the use of partnership or corporate names, care should be taken not to violate any law, custom or rule of court locally applicable. In the formation of partnerships and professional service corporations for the practice of law, no person should be admitted or held out as a practitioner who is not a member of the legal profession duly authorized to practice and amenable to professional *559 discipline. In the selection and use of a firm or corporate name no false, misleading, assumed or tradenames should be used, except that a fictitious name may be used by a professional service corporation as authorized by The Professional Service Corporation Act. The continued use of the name of a deceased or former partner or shareholder when permissible by local custom is not unethical, but care should be taken that no imposition or deception is practiced through this use. When a member of the firm or shareholder in the corporation, on becoming a judge, is precluded from practicing law, his name must not be continued in the firm or corporate name.
"Partnerships between lawyers and members of other professions or nonprofessional persons must not be formed or permitted where any part of the partnership's employment consists of the practice of law.
"The practice of law in any of its aspects by a professional service corporation as hereinabove sanctioned shall not in any way lessen the responsibilities of an individual lawyer or a group of lawyers under the Code of Ethics and such a corporation may not be used to lower, and shall not be permitted to lower, directly or indirectly, the ethical standards of the legal profession; and the Code of Ethics shall be construed accordingly."
(2) By adding at the end of the present Canon 35, Rule B, "Ethics Governing Attorneys" the following unnumbered paragraph:
"Professional service corporations organized to practice law pursuant to The Professional Service Corporation Act shall not be deemed lay agencies or such intermediaries."
(3) By adding at the end of the present Canon 47, Rule B, "Ethics Governing Attorneys", the following sentence:
"Professional service corporations organized to practice law pursuant to The Professional Service Corporation Act shall not be deemed lay agencies."
(4) By amending Rule 10 of the Rules Governing the Conduct of Attorneys in Florida, to read as follows:
"10. Permit the use of his name as an attorney by any other person who is not then licensed to practice law or by any corporation other than a professional service corporation organized to practice law pursuant to The Professional Service Corporation Act and The Integration Rule, or by any firm other than a firm of duly licensed attorneys or be a shareholder in or associated with any professional service corporation which includes in its corporate name any frivolous, misleading or undignified terminology or any expressions inconsistent with the best traditions of the legal profession;"
The amendments to The Integration Rule, the Code of Ethics and the Rules Governing the Conduct of Attorneys as promulgated herewith, shall become effective upon the filing of this opinion.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, DREW and O'CONNELL, JJ., concur.