149 So.2d 81 (1963)
STATE BOARD OF ACCOUNTANCY, Appellant,
v.
Victor I. EBER, Appellee.
No. D-366.
District Court of Appeal of Florida. First District.
January 17, 1963.
Rehearing Denied February 14, 1963.
*82 Marion R. Shepard, of Mathews, Osborne & Ehrlich, Jacksonville, for appellant.
Daniel L. Ginsberg, Miami, for appellee.
CARROLL, DONALD K., Chief Judge.
The State Board of Accountancy has appealed from a summary final decree entered by the Circuit Court for Alachua County holding a Board rule to be null and void as in conflict with the Professional Service Corporation Act.
The rule in question is Rule 16, adopted by the Board, reading as follows:
"16. A Certified Public Accountant or Public Accountant shall not be an officer, director, stockholder, representative or agent of any corporation engaged in the practice of public accounting in any state or territory of the United States or the District of Columbia."
In 1961, the Florida Legislature enacted Chapter 61-64, known as the Professional Service Corporation Act (Sections 621.01-621.14, Florida Statutes 1961), which authorizes professional people in this state to organize and practice their professions through professional service corporations. The obvious purpose of this act is to make it possible for professional people in Florida to gain certain income tax benefits by the use of the corporate set-up.
The constitutionality of the Professional Service Corporation Act was upheld by the Supreme Court of Florida in In re The Florida Bar, Fla., 133 So.2d 554 (1961). A canon of ethics that had been adopted by the Supreme Court, which is endowed by the Florida Constitution with the authority to discipline members of the bar, forbade the practice of law through a corporation. In the mentioned decision the Supreme Court adopted new canons permitting lawyers to take advantage of the Professional Service Corporation Act and delineating the conditions under which lawyers can incorporate.
The State Board of Accountancy has not, however, amended its Rule 16 to accommodate it to the provisions of the said Act.
The authority of the Board to promulgate rules and regulations concerning the professional conduct and ethical practices of public accountants and certified public accountants is derived from Section 473.04, Florida Statutes, which reads:
"The board is charged with the responsibility for the administration of this chapter * * *. It shall prescribe a standard of professional conduct and formulate reasonable rules defining unethical practices for persons holding certificates under this chapter. Every person practicing as a public accountant or as a certified public accountant in this state shall be governed and controlled by the rules and standards adopted by the board."
Section 473.23 also provides in pertinent part that any person:
"(4) Who shall attempt to practice public accounting under an assumed *83 name, or in the name of a corporation; or
* * * * * *
"(6) Who shall, as an officer of a corporation, permit it to practice public accounting; or
* * * * * *
"Shall be deemed guilty of a misdemeanor * * *."
Borrowing and paraphrasing the language used by the Supreme Court in the opinion in In re The Florida Bar, Fla., 133 So.2d 554 (1961), we point out that the highly personal obligation of the accountant to his client is in no way adversely affected when an accountant takes advantage of the provisions of the Professional Service Corporation Act. The individual accountant, whether a stockholder in a corporation or otherwise, will continue to be expected to abide by all of the rules and regulations of professional conduct applicable to his profession. When the accountant incorporates under the said act, there is no diminution in his obligations to meet the requirements of those rules and regulations. On the contrary, because of the privilege that is being made available to the accountants of this state, there will be increased responsibilities commensurate with the privilege.
We hold that Rule 16 of the State Board of Accountancy cannot be construed as forbidding an accountant of this state to incorporate in accordance with the provisions of the Professional Service Corporation Act, for such incorporation has thus been sanctioned by the legislative body which gave to the Board its power to promulgate rules and regulations concerning professional conduct.
In the order appealed from, however, the Circuit Court declared Rule 16 to be null and void, but we think this declaration is too broad, for there is no reason why Rule 16 should not continue to inhibit an accountant's activities relating to corporations formed pursuant to laws other than the Professional Service Corporation Act. Accordingly, the summary final decree is reversed and the cause is remanded with directions to enter a decree consistent with the views herein.
Reversed and remanded with directions.
WIGGINTON and RAWLS, JJ., concur.