202 So.2d 749 (1967)
Harlan STREET and Leo Greenfield, Petitioners,
v.
Jerome S. SUGERMAN and Sarah Sugerman, His Wife, and Harry Jaffe and Etta Jaffe, His Wife, Respondents.
No. 36413.
Supreme Court of Florida.
September 27, 1967.
Rehearing Denied October 23, 1967.
*750 Shutts & Bowen and Herbert L. Nadeau, Miami, for petitioners.
Greene, Rodenberg & Layne, Miami, for respondents.
ERVIN, Justice.
The District Court of Appeal, Third District, as a means of bringing the instant cause within the jurisdiction of this Court, has certified that its decision in this case passes upon a question of great public interest. The question certified to us is as follows:
"Whether stock owned by attorney-shareholders in a professional service corporation is exempt from levy and sale, under execution, as a result of a judgment against some of the shareholders, by a non-professional judgment creditor."
We accept jurisdiction in this cause pursuant to the provisions of Article V, Section 4(2) of the Constitution of Florida, F.S.A.
Petitioners are officers and stockholders of Street, Greenfield and Furman, attorneys at law. The professional association was formed in 1964 pursuant to Chapter 621, Florida Statutes, F.S.A., and Petitioners collectively own ninety per cent of the stock in the corporation. The Respondents were judgment creditors of Petitioners Street and Greenfield  not of the professional association  and pursuant to judgment and execution made levy upon the stock of the Petitioners in the corporation. The Petitioners filed suit to enjoin the sale and the circuit court entered a permanent injunction enjoining the sale of said stock. The chancellor adjudicated that as a matter of law and public policy Chapter 621, Florida Statutes, F.S.A. precluded a nonprofessional judgment creditor from levying upon stock in a professional service corporation and having it sold to satisfy his judgment.
The District Court opined that the statute did not have the effect of creating such an exemption or special protection for lawyers or other professionals and reversed the chancellor and remanded the cause.
Upon thorough examination of the cause, we agree with the decision of the District Court.
It would appear that the chancellor based his judgment in this matter on those portions of Chapter 621, Florida Statutes, F.S.A., which provide that capital stock in a professional service corporation may not be issued to anyone other than a person legally authorized to render the same specific professional services as those for which the corporation was incorporated, and that no shareholder in such a corporation may sell or transfer his shares in such corporation except to a person eligible to be a shareholder of such corporation. (See F.S. § 621.09, F.S.A. and F.S. § 621.11, F.S.A.) There is no doubt but that the statute effectively proscribes the issue, sale or transfer of stock in a professional service corporation to others not members of the profession. We are of the opinion, however, that the chancellor gave too much emphasis to this fact and either overlooked or misinterpreted the primary issue regarding judgment, execution, levy and the resulting involuntary sale of such stock. Rather, we would agree with the District Court's apt statement that
"[t]he fact that the corporation may not voluntarily `issue' or the shareholders may not `sell or transfer' their stock voluntarily to a non-professional is not reason to prevent an execution and sale, by law for a judgment creditor." (Emphasis added.)
*751 Further, we agree with the District Court that to affirm the holding of the chancellor would have the discriminatory effect of
"* * * afford professionals a shelter for their assets, which appears to be inconsistent with the spirit of the Act * * * [and would serve] to carve out a judicial `no man's land' for shareholders in a professional corporation which is not available to shareholders in non-professional groups."
We noted in the case of In re The Florida Bar, Fla., 133 So.2d 554, 4 A.L.R.3d 375, that professional service corporations evolved and were designed primarily for the purpose of allowing various professions, not previously privileged to incorporate, to form organizations that would legitimately qualify for certain tax or retirement advantages available to corporations. The privilege of incorporation was most definitely not created or extended in order that those availing themselves of the benefits could be cloaked with an immunity inimical to legal order and public interest. Thus, it is our judgment that Chapter 621, Florida Statutes, F.S.A., does not serve to prevent an execution and sale, by law, of shares of stock in a professional service corporation for satisfaction of a judgment creditor.
The District Court specifically refrained from venturing any opinion as to the scope of the rights of a nonprofessional in such a stock interest if it should fall into his control after levy and sale. It is our impression that this matter could no doubt be effectively dealt with under the provision for dissolution set forth in Chapter 608, Florida Statutes, F.S.A. or Chapter 621, Florida Statutes, F.S.A., or by a bill in equity in aid of execution. This seems to be within the contemplation of Chapter 621 and is specifically in accord with the spirit of Section 621.10 wherein it is provided, inter alia, that should any shareholder of a corporation organized under Chapter 621 become legally disqualified to render professional services within this state he shall forthwith sever all financial interest in such corporation. Failure to require compliance with this provision shall constitute a ground for forfeiture of the corporation articles of incorporation and its dissolution. While the specific language of Section 621.10 speaks in terms of the legal disqualification of a shareholder "who has been rendering professional service," it is only logical to infer that the same standard of determination as to who may be an authorized shareholder would serve to preclude as a stockholder any person not a professional within the meaning of the statute. This would be the case regardless of the manner in which a nonprofessional happened to legally acquire shares of stock in a professional service corporation.
The question certified is answered as we have indicated and the writ of certiorari is discharged.
It is so ordered.
CALDWELL, C.J., DREW and THORNAL, JJ., and WHITE, Circuit Judge (Ret.), concur.