The Honorable Mary Estill Buchanan Colorado Secretary of State 1575 Sherman Street Denver, Colorado 80203
Dear Ms. Buchanan:
I am writing in response to your June 5, 1979 request for an attorney general's opinion on the questions set forth below. It is my understanding that your questions arise from articles of incorporation for a corporation submitted to your office, which state that the corporation is ". . . organized solely for the purpose of engaging in social work practice . . . as same is authorized pursuant to C.R.S. 1973, 12-63.5-103(6) . . . ."
QUESTIONS PRESENTED AND CONCLUSIONS
1. May a corporation be formed for the purpose of engaging in the practice of a licensed or certified occupation in the absence of a specific enabling statute or rule?
"No."
2. If so, may a corporation use the term "professional corporation" or the abbreviation thereof in the corporate name? In the alternative, must such corporation use that term or abbreviation?
 The analysis of question 1 renders moot any further consideration of question 2.
ANALYSIS
The Colorado Corporation Code, C.R.S. 1973, 7-1-101 etseq., as amended, provides in 7-1-103:
 (1) Corporations may be organized under this code for any lawful purpose . . .
Generally a corporation statute allowing the formation of a corporation to carry on "any lawful purpose" does not include the work of the learned professions. In re Florida Bar, 133 So.2d 557, 4 A.L.R.3d 375 (1961). A profession is not a business, but a personal right in the nature of a franchise from the state, requiring licensure and registration and conferred only for merit. As such, the conditions of such profession cannot be performed by a corporation in the absence of a specific enabling statute. In re Cooperative Law Company,198 N.Y. 479, 92 N.E. 15 (1910) (law); Hannon v. Siegel-CooperCompany, 167 N.Y. 244, 60 N.E. 597 (dentistry). See also 4 A.L.R.3d, 383 section 2.
A majority of states have enacted legislation to enable professionals to form corporations which are not permitted under general corporation codes of those states. By 1967, 34 states had adopted such "Professional Service Corporation Acts." This enabling legislation was stimulated by the outgrowth of rules and regulations of the Internal Revenue Service following the decision in U.S. v. Kintner, 216 F.2d 418 (9th Cir. 1954) and was an attempt to allow professional associations to adopt the corporate form for the purpose of obtaining the tax benefits inurring thereto. Generally, such statutes set forth requirements as to officers, directors, shareholders, liability, insurance, and the specific powers and purposes such entities may assume.
Colorado has not adopted a "Professional Services Corporation Act" or any other general legislation for the incorporation of professional service associations. The general assembly has enacted, however, specific statutes enabling certain licensed and certified occupations to adopt the corporate form as professional service corporations or professional corporations. Examples of such statutes are found in C.R.S. 1973, 12-2-131 (accountants); 12-4-113 (architects); 12-32-109 (podiatrists); 12-33-124
(chiropractors); 12-35-112 (dentists); 12-36-134 (medical doctors); 12-40-125 (optometrists); 12-41-125 (physical therapists); 12-43-118 (psychologists).
The statute pertaining to the practice of social work, C.R.S. 1973, 12-63.5-101 et seq. as amended, does not provide that those persons licensed and registered to practice such profession may organize in a corporate form as a professional service corporation or professional corporation. Because a corporation organized under the general corporation law of Colorado could not meet the licensure and registration requirements set forth in C.R.S. 1973, 12-63.5-106 as discussed above, the practice of social work in a corporate form could only be authorized by specific statute. In the absence of such statute, such organization could not be accomplished. In conclusion, in the absence of a specific enabling statute a corporation may not be formed for the purpose of engaging in the practice of a licensed or certified occupation.
SUMMARY
The analysis of question 1 renders moot any further consideration of question 2. The use of the term professional corporation or professional service corporation is addressed with particularity in the specific statutes outlined above, and I refer you to those statutes in consideration of the question of whether such denomination is a necessary component of the corporate name of such entities.
I hope that this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
CORPORATIONS SOCIAL WORKERS INCORPORATION
C.R.S. 1973, 7-1-101 et seq. C.R.S. 1973, 7-1-103 C.R.S. 1973 7-3-106
SECRETARY OF STATE DEPT. Corporation, Div. of
A corporation may not be organized for lawful purpose of engaging in practice of a licensed occupation.