EHRLICH, Chief Judge.
The Florida Bar petitioned this Court to amend the Rules Regulating The Florida Bar by the adoption of rule 4-8.6 entitled “Professional service corporations.” During deliberations arising from an inquiry from this Court concerning the operation of the proposed rule, the Bar determined that amendment of rule 4-5.4 (Professional independence of a lawyer) was also necessary. Amended petitions concerning both rules were filed with the Court.
The Florida Bar also petitions the Court to amend rules 1-7.3 (Dues), 3-3.4 (Grievance committees), 3-7.10(d) (Subpoenas), and 4-8.2 (Judicial and legal officials) of the Rules Regulating The Florida Bar.
According to the Bar, the proposed amendment to' rule 1-7.3 “makes clear that active members are members in good standing and that the only members of the Florida Bar who are not required to pay annual dues are those who are retired, resigned (both for disciplinary and age or health reasons), those disbarred and those placed on the inactive list for incapacity not related to misconduct. Those members who are delinquent in paying prior years’ dues and those members who are suspended for disciplinary or CLER reasons are required to pay dues under the proposed amendment.”
The Bar requests that rule 3-3.4 be amended “so that the terms of all grievance committee members will not all commence and end at the same time.”
According to the Bar, the proposed amendment to rule 3-7.10 specifically provides authority for investigators hired by the Bar to serve subpoenas in disciplinary proceedings under the Rules Regulating The Florida Bar.
The proposed amendments to rule 4-8.2 “clearly indicate that a lawyer may not make false statements or statements with reckless disregard as to their truth or falsity as such statements relate to jurors, members of the juror pool, mediators or arbitrators.”
Notice of intent to file each petition was published, as required by rule 1-12.1, Rules Regulating The Florida Bar. No objection or comments concerning the petitions have been filed with the Court. We adopt rule 4-8.6 and amend rules 4-5.4, 1-7.3, 3-3.4, 3-7.10, and 4-8.2, as proposed by The Florida Bar. Deletions are indicated by struck-through type; additions are indicated by underscoring. Rule 4-8.6 is new in its entirety. Comments are included for explanation and guidance only and are not adopted as an official part of the rules. The rules as attached shall be effective upon the filing of this opinion.
It is so ordered.
overton, McDonald, shaw, BARKETT, GRIMES and KOGAN, JJ., concur.
Rule 1-7.3 DUES.
(a) On or before July 1 of each year, every active member of The Florida Bar¿ except those members who have retired, resigned, been disbarred or been placed on the inactive list pursuant to rule 3-7.12, shall pay annual dues to The Florida Bar in the amount set by the budget, provided that the board of governors shall not fix the dues at more than $140 per annum. At the time of the payment of dues every member of The Florida Bar shall file with the executive director a statement setting forth any information that may be required by the board of governors.
Dues tendered to The Florida Bar shall not be accepted from any member who is delinquent in the payment of costs imposed against the member in a disciplinary proceeding. Costs shall be deemed delinquent unless paid within thirty (30) days after the disciplinary decision becomes final unless such time is extended by the board of governors for good cause shown. At the time *195 of the payment of dues every member of The Florida-Bar shall file-with the executive director-a statement setting forth any information that may be required by the board of-governors.
(b) (No Change)
(c) (No Change)
(d) (No Change)
Rule 8-3.4 GRIEVANCE COMMITTEES.
(d) Terms. The terms of the members shall begin the first day of July and shall end on the-next succeeding-thirtieth day of June or at be for one year from the date of administration of the oath of service on the grievance committee or until such time as their successors are appointed and qualified. Continuous service of a member shall not exceed three (3) years. A member shall not be reappointed for a period of three (3) years after the end of his or her term; provided, however, the expiration of the term of any member shall not disqualify such member from concluding any investigation then pending before the committee.
Rule 3-7.10 GENERAL RULES OF PROCEDURE.
(d) Subpoenas. Subpoenas for the attendance of witnesses and the production of documentary evidence other than before a circuit court shall be issued as follows:
(1) Referees. Subpoenas for the attendance of witnesses and the production of documentary evidence before a referee shall be issued by the referee and shall be served in the manner provided by law for the service of process or by an investigator employed by The Florida Ear.
(2) Grievance Committees. Subpoenas for the attendance of witnesses and the production of documentary evidence may shall be issued by the chairperson or vice-chairperson of a grievance committee in pursuance of an investigation authorized by the committee. Such subpoenas may be served by any member of such committee, by an investigator employed by The Florida Bar or in the manner provided by law for the service of process.
(3) Board of Governors. Subpoenas for the attendance of witnesses and the pro-duetion of documentary evidence before the board of governors shall be issued by the executive director under the seal of The Florida Bar and shall be served by an investigator employed by The Florida Bar or in the manner provided by law for the service of process.
Rule 4-5.4 PROFESSIONAL INDEPENDENCE OF A LAWYER.
(d) A lawyer shall not practice with or in, the form of a professional corporation or association authorized to practice law for a profit if:
(1) A nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration; or
(2) A nonlawyer is a corporate director or officer thereof; or
(82) A nonlawyer has the right to direct or control the professional judgment of a lawyer.
Rule 4-8.2 JUDICIAL AND LEGAL OFFICIALS.
(a) A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, mediator, arbitrator, adjudicatory officer, or public legal officer, juror or member of the venire or of a candidate for election or appointment to judicial or legal office.
(b) A lawyer who is a candidate for judicial office shall comply with the applicable provisions of Florida’s Code of Judicial Conduct.
Comment.
Assessments by lawyers are relied on in evaluating the professional or personal fitness of persons being considered for election or appointment to judicial office and to public legal offices, such as attorney general, prosecuting attorney and public defender. Expressing honest and candid opinions on such matters contributes to improving the administration of justice. Conversely, false statements by a lawyer can unfairly *196 undermine public confidence in the administration of justice.
False statements or statements made with reckless disregard for truth or falsity concerning potential jurors, jurors serving in pending cases or jurors who served in concluded cases undermine the impartiality of future jurors who may fear to execute their duty if their decisions are ridiculed. Lawyers may not make false statements or any statement made with the intent to ridicule or harass jurors.
When a lawyer seeks judicial office, the lawyer should be bound by applicable limitations on political activity.
To maintain the fair and independent administration of justice, lawyers are encouraged to continue traditional efforts to defend judges and courts unjustly criticized.
Rule 4-8.6 PROFESSIONAL SERVICE CORPORATIONS
(a) Lawyers may practice law in the form of professional service corporations organized under Florida Statutes, only if when such corporations are organized all shareholders are legally qualified to render legal services in this state, and while such corporation and all shareholders, officers, directors, agents and employees comply with the provisions of the Professional Service Corporation Act and the Rules Regulating The Florida Bar.
(b) No professional service corporation may engage in the practice of law in the State of Florida or render advice or interpretations of Florida law except through officers, directors, agents or employees who are qualified to render legal services in this state.
(c) No person shall serve as a director or executive officer of a professional service corporation engaged in the practice of law in Florida unless such person is legally qualified to render legal services in this state. For purposes of this rule the term “executive officer” shall include the president, vice-president or any' other officer who performs a policy making function.
(d) A lawyer who, while acting as a shareholder, officer, director, agent or employee of a professional service corporation engaged in the practice of law in Florida, violates or sanctions the violation of the Professional Service Corporation Act or the Rules Regulating The Florida Bar shall be subject to disciplinary action.
(e) Whenever a shareholder of a professional service corporation becomes legally disqualified to render legal services in this state, said shareholder shall sever all employment with and financial interests in such corporation immediately. For purposes of this rule the term “legally disqualified” shall not include suspension from the practice of law for a period of time less than ninety-one (91) days. Severance of employment and financial interests required by this rule shall not preclude the shareholder from receiving compensation based on legal fees generated for legal services performed during the time when the shareholder was legally qualified to render legal services in this state. This provision shall not prohibit payment to an existing profit sharing or pension plan to the extent permitted in rule 4-5.4(a)(3), or as required by applicable law.
(f) Whenever the sole shareholder of a professional service corporation becomes legally disqualified to render legal services in this state, the professional service corporation shall cease the rendition of legal services. No legal services may be rendered for the professional service corporation by any officer, director, agent or employee of the professional service corporation until the sole shareholder is legally qualified to render legal services in this state.
(g) Whenever a shareholder of a professional service corporation becomes legally disqualified to render legal services in this state, the professional service corporation shall take steps to achieve the immediate removal of the shareholder from the professional service corporation.
Comment:
In 1961 this Court recognized the authority of the legislature to enact statutory provisions creating corporations, particularly professional service corporations. But this Court also noted that “[ejnabling action by this Court is therefore an essential *197 condition precedent to authorize members of The Florida Bar to qualify under and engage in the practice of their profession pursuant to The 1961 Act.” In Re The Florida Bar, 133 So.2d 554, at 555 (Fla.1961).
The same is true today. Hence, this rule is adopted to continue authorization for members of the bar to practice law in the form of a professional service corporation.
Limitation on rendering legal services
No person may render legal services on behalf of a professional service corporation unless that person is otherwise authorized to do so via membership in the bar or through a motion for leave to appear (pro hac vice). Neither the adoption of this rule nor the statutory provisions alter this limitation.
Employment by and financial interests in a professional service corporation
This rule and the statute require termination of employment of a shareholder when the shareholder is “legally disqualified” to render legal services. The purpose of this provision is to prohibit compensation based on fees for legal services rendered at a time when the shareholder cannot personally render the same type of services. Continued employment in capacities other than rendering legal services with the same or similar compensation would allow circumvention of prohibitions of sharing legal fees with one not qualified to render legal services. Other rules prohibit the sharing of legal fees with nonlaw-yers and this rule continues the application of that type of prohibition. However, nothing in this rule or the statute prohibits payment to the disqualified shareholder for legal services rendered while the shareholder was qualified to render same, even though payment for the legal services is not received until the shareholder is legally disqualified.
Similarly this rule and the statute require the severance of “financial interests”of a legally disqualified shareholder. The same reasons apply to severance of financial interests as those which apply to severance of employment.
Practical application of the statute and this rule to the requirements of the practice of law mandates exclusion of short term, temporary removal of qualifications to render legal services. Hence, any suspension of less than 91 days, including dues delinquency suspensions, is excluded from the definition of the term. These temporary impediments to the practice of law are such that with the passage of time or the completion of ministerial acts, the member of the bar is automatically qualified to render legal services. Severe tax consequences would result from forced severance and subsequent reestablishment (upon reinstatement of qualifications) of all financial interests in these instances.
However, the exclusion of such suspensions from the definition of the term does not authorize the payment to the disqualified shareholder of compensation based on fees for legal services rendered during the time when the shareholder is not personally qualified to render such services. Continuing the employment of a shareholder during the term of a suspension of less than 91 days requires the professional service corporation to take steps to avoid the practice of law by the shareholder, the ability of the shareholder to control the actions of members of the bar qualified to render legal, services and payment of compensation to the shareholder based on legal services ren- ■ dered while the shareholder is not personally qualified to render same. Mere characterization of continued compensation, which is the same or similar to that the disqualified shareholder received when qualified to render legal services, is not sufficient to satisfy the requirements of this rule.
Profit sharing or pension plans
To the extent that applicable law requires continued payment to existing profit sharing or pension plans, nothing in this rule or the statute may abridge such payments. However, if permitted under applicable law the amount paid to. the plan for a disqualified shareholder shall not include payments based on legal services rendered *198 while the shareholder was not personally qualified to render legal services.