**In re Peter URBAN and Brenda S. Urban, Debtors.**

**Lauren JOHNSON, Plaintiff,**

**v.**

**John WALDEN, Christiann Walden HCR Inc. of Brevard, Florida Eye Care, Inc. of Melbourne, HCR, Inc. of Lakeland, Florida Eye Care, Inc. of Lakeland and East Coast Eye Associates, Inc., Defendants.**

Bankruptcy No. 90–2435–8P7.

Adv. No. 91–464.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 24, 1992.

See also 130 B.R. 340.

Charles F. Ketchey, Jr., Tampa, Fla., for plaintiff.

R. Donald Mastry, John Yanchunis, St. Petersburg, Fla., for defendants.

## ORDER ON MOTION TO DISMISS COUNT V OF THE COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest to consider the Defendants' Motion to Dismiss various Counts of the Complaint filed by Lauren Johnson (Trustee), the Plaintiff in this adversary proceeding. This Court earlier entered an Order denying the Motion directed to the claims set forth in Counts VI through XIX and XI, but reserved ruling as to Count V of the Complaint. Count V of the Complaint is based on the contention of the Trustee that the transfer of stock in several corporations by the Debtor to the Defendants is void and must be set aside as a matter of law. The Court has considered the Motion as it relates to Count V of the Complaint and is satisfied that it should be granted for the following reasons:

In Count V of the Complaint the Trustee seeks a declaration that Dr. Peter Urban (Debtor), "is and remains the sole shareholder of Florida Eye Care, Inc.—of Lakeland and Florida Eye Care Inc.—of Melbourne" and thus the shares of stock in

these two entities are property of the estate. In support of this proposition the Trustee contends that both Florida Eye Care, Inc.—of Melbourne and Florida Eye Care, Inc.—of Lakeland are corporations whose sole business is to conduct medical practices subject to the provisions of *Fla. Stat.* § 621.01 *et seq.*, i.e., Professional Service Corporation Act; that John Walden, Christiann Walden and Brenda Urban, the sole shareholders of record are not medical doctors; that ownership by these individuals of the stock of Florida Eye Care, Inc.—of Melbourne and/or Florida Eye Care, Inc.—of Lakeland, is void under Florida law; and "that the transactions in which Dr. Urban purportedly transferred his shares in Florida Eye Care, Inc.—of Lakeland, and Florida Eye Care Inc.—of Melbourne are void under Florida law because a result of the transfer was that no medical doctor was a shareholder in these corporations; and that based on this Dr. Urban remains the sole owner of Florida Eye Care, Inc.—of Melbourne and Florida Eye Care, Inc.—of Lakeland and as such his interests in these corporations are property of the estate pursuant to 11 U.S.C. § 541."

In the Motion to Dismiss, the Defendants contend that Count V of the Complaint fails to state a cause of action upon which relief can be granted. Specifically, the Defendants claim that both corporations are organized under *Fla.Stat.* § 607.001 *et seq.*, as opposed to *Fla.Stat.* § 621.01 *et seq.;* that neither corporation conducts a medical practice, but rather they employ physicians engaged in the practice of medicine which does not violate the Florida Statutes; and that as a result of these facts, the alleged transfer of stock by the Debtor to the Defendants is not void as a matter of law.

The Professional Service Corporation Act, *Fla.Stat.* §§ 621.09, 621.11, prohibits the sale or transfer of stock in a professional service corporation to individuals who are not members of the profession. *Street v. Sugerman,* 202 So.2d 749 (1967). Thus, if the corporations are Professional Service Corporations, the Debtor's transfer of the stock to the Defendants would in fact be prohibited under Florida law. However, it appears that Florida Eye Care, Inc.—of Melbourne and Florida Eye Care, Inc.—of Lakeland are not professional service corporations, but instead are corporations formed under the general corporation laws of the State of Florida (*Fla.Stat.* § 607.001 *et seq.*). This is so because all professional service corporation names must include the words "chartered" "professional association" or the abbreviation "P.A.". Neither Florida Eye Care, Inc.—of Melbourne nor Florida Eye Care, Inc.—of Lakeland include these words or abbreviation. As there is no restriction on who may hold stock in a corporation organized under *Fla.Stat.* § 607.001, *et seq.*, there is no basis to find that the transfer of stock by the Debtor to these Defendants is void as a matter of law.

Based on the foregoing this Court is satisfied that Count V of the Complaint fails to state a cause of action upon which relief can be granted, and therefore it should be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion is granted as to Count V of the Complaint, and Count V is hereby dismissed with prejudice.

DONE AND ORDERED.