**Henry W. KREHLING, Jr., Plaintiff,**

v.

**Eli BARON, John N. Brugger, Jr., John F. Forsyth, Forsyth, Brugger, Reina & Bourgeau, P.A., Barclay Building Corp., Deauville Lake Development Corp., Montclair Building Corp., Chatham Square Development Corp., Elba Development Corp., Attorney's Title Insurance Fund, Inc., and Commonwealth Land Title, Defendants.**

No. 93–347–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

June 23, 1995.

W. Donald Cox, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Allen I. Saeks, Michael J. Wurzer, Patrick M. O'Brien, Leonard, Street & Deinard, P.A., Minneapolis, MN, for plaintiff.

Mark V. Silverio, Cynthia Byrne Halle, Law Office of Mark V. Silverio, Miami, FL, for defendants except Brugger, Forsyth, Brugger, Reina & Bourgeau, P.A.

Bruce McLaren Stanley, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, for defendants John N. Brugger, Jr., Forsyth, Brugger, Reina & Bourgeau, P.A.

Michael S. Pasano, Zuckerman, Spaeder, Taylor & Evans, Miami, FL, Melissa Hammersley Clark, Zuckerman, Spaeder, Taylor & Evans, Tampa, FL, for defendant John F. Forsyth.

Dwight A. Whigham, Winesett, Avery, Dupree & Whigham, P.A., Ft. Myers, FL, for

defendant Attorney's Title Insurance Fund, Inc.

Mark A. Brown, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for defendant Commonwealth Land Title Insurance Company.

KOVACHEVICH, District Judge.

### ORDER ON MOTION TO DISMISS

This cause is before the Court on Defendant John F. Forsyth's Motion to Dismiss (Dkt. 87) and response (Dkt. 96).

### STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### BACKGROUND

Plaintiff filed his Complaint against Defendants on December 7, 1993 (Docket No. 1). This Complaint was amended on February 22, 1995 (Docket No. 81). It contains the following facts as pled:

Defendant John F. Forsyth was an attorney at the law firm of Forsyth, Brugger, Reina & Bourgeau, P.A. (hereafter, the "Firm"). In the spring of 1991, Defendant was informed by an employee that another attorney for the Firm was writing fraudulent title insurance policies, and closing the sale of certain properties without paying or satisfying all the lienholders. The attorney named was Brugger. Defendant informed the employee that he would look into the situation. However, Defendant took no action.

In January of 1992, Defendant was again informed that Brugger was committing fraud. However, Defendant again did not take any affirmative steps to look into the allegations made against Brugger. Plaintiff alleges that as a result, Defendant, through his financial interest in the firm received a benefit from Brugger's allegedly fraudulent activity.

These allegedly fraudulent activities were connected with land developments in which Plaintiff was defrauded by Brugger, through one or more of the corporate defendants, of over $2.4 million. The alleged fraud perpetrated against Plaintiff was made possible by the Firm in several ways. First, Brugger and the Firm were counsel to both Plaintiff and Corporate defendants; Brugger had advised Plaintiff that recording mortgages Plaintiff held over the properties was unnecessary. Second, Brugger and the Firm were responsible for forwarding the proceeds of the sales of the property to Plaintiff, who held mortgages on these properties; the proceeds were allegedly not forwarded to Plaintiff. Third, Brugger acted as title insurance agent by acquiring title insurance for the property; Brugger, because he had advised against recording Plaintiff's mortgages, knew that the properties had liens held against the property by Plaintiff.

The allegations against Defendant Forsyth are contained in Count Seven of Plaintiff's First Amended Complaint (Docket No. 81). It alleges the following:

First, Defendant owed a duty to Plaintiff to prevent Brugger from continuing the fraud being committing when informed of Brugger's activities. Second, Defendant breached his fiduciary duties to Plaintiff by failing to take any action to prevent Brugger from committing any further fraud upon Plaintiff, once Defendant was apprised of its activity. Third, this breach was the proximate cause of the injuries suffered by Plaintiff. Based on these Counts in Plaintiff's Complaint, Defendant moves for dismissal (Docket No. 87).

### DISCUSSION

Defendant proffers two theories for dismissal. The first is to dismiss for failure to state a claim. The second is that the Court does not have jurisdiction over this claim, and in the alternative, that the Court should elect not to exercise supplemental jurisdiction over this claim.

Defendant's first theory alleges that Plaintiff has "[failed] to state a claim upon which relief can be granted." Rule 12(b)(6).

The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation,* 711 F.2d 989 (11th Cir.1983). Federal Rule of Civil Procedure 8 outlines the standard by which the adequacy of pleadings are to be judged. Rule 8(a)(2) requires the Plaintiff to provide in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient if it gives the Defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* In addition to Rule 8(a), Rule 8(e)(1) states that each "averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

■ Taken together, Rules 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the Federal pleading rules. These rules reflect the basic philosophy of the Federal Rules that simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system. 5 *Wright & Miller, Federal Practice and Procedure:* Civil 2d § 1217 at p. 169. The true test of the sufficiency of the complaint is whether it provides adequate notice to Defendant to make Defendant aware of the basis of the claims. The theory is that more detailed information should be developed through the discovery process.

Plaintiff's First Amended Complaint alleges that Defendant committed a wrongful act by failing to take action when informed by an employee of the Firm of Brugger's activity. Florida Statute § 621.07 establishes limited liability for members of a professional service corporation. However, it also creates several exceptions.

An individual will be personally liable for any negligent or wrongful act or misconduct committed by them, or by any person under that person's direct supervision regardless of their membership in a professional service corporation. Fla.Stat.Ann. § 621.07 (1995). Defendant contends that his failure to act does not bring his conduct within the exceptions created by the statute.

■ However, the weight of authority renders Defendant's argument unpersuasive. Assuming all the allegations in the First Amended Complaint as true, Defendant is subject to Rule 4–5.1(c)(2) of the Rules Regulating the Florida Bar, which provides that:

> A lawyer shall be responsible for another lawyer's violation of the Rules of Professional conduct if: the lawyer is a partner in the law firm in which the other lawyer practices, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

Rules Regulating the Florida Bar, 4–5.1(c)(2) (1994).

■ Therefore, Defendant Forsyth, through his knowledge of Brugger's activity, violated Rule 4–5.1(c)(2) by his failure to either report or stop the conduct once he was apprised of its existence. Furthermore, the Supreme Court of Florida has specifically rejected Defendant's attempt to use the professional association as a shield to prevent personal liability. The Court said that "[t]he corporate entity as a method of doing business will not be permitted to protect the unfaithful or unethical." *In re The Florida Bar,* 133 So.2d 554, 556 (Fla.1961).

Accordingly, the First Amended Complaint has set forth sufficient facts to show that Defendant committed a wrongful act within the meaning of § 621.07, and if proven would leave the Defendant personally liable for his misfeasance. The pleadings establish sufficient evidence to defeat Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6).

The second prong of Defendant's Motion to Dismiss, based on Rule 12(b)(1), is a dismissal for lack of jurisdiction over the subject matter. Defendant attacks Plaintiff's use of 28 U.S.C. § 1367 to establish supplemental jurisdiction. The Court has original jurisdiction over Plaintiff's Racketeer Influenced and Corrupt Organization Act (hereafter "RICO") claim. 18 U.S.C. § 1964 (1995). To establish supplemental jurisdiction over claims against Defendant, Plaintiff must meet the requirements of 28 U.S.C. § 1367 (1994). Section 1367 provides:

[I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all claims that are so related to claims in that action that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. § 1367.

■ Moreover, in *United Mine Workers v. Gibbs,* the Supreme Court established that "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Applying this test to Plaintiff's claim against Defendant, both claims share common elements. First, they revolve around the central fraud involving the federal RICO claim. Second, the evidence for the non-federal claim will involve the same witnesses and evidence as the federal RICO claim. These parallel connections create the same case or controversy within the meaning of Article III of the United States Constitution. Therefore, supplemental jurisdiction should be correctly exercised under § 1367.

Defendant argues in the alternative that even if supplemental jurisdiction over Plaintiff's complaint is proper, the Court should nonetheless decline to exercise it. There are four examples, under § 1367, wherein the court should exercise its discretion. These are:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (1994)

■ Applying these to Plaintiff's claim, first, the breach of fiduciary duty is not such a novel or complex issue of State law that this court should not exercise jurisdiction. Second, this claim does not predominate over the RICO claim. Third, this court has not dismissed all claims over which it has original jurisdiction.

Regarding the fourth exception of § 1367, in *Palmer v. Hospital Authority of Randolph County,* such factors as "judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together" should be used in determining whether to decline to exercise supplemental jurisdiction. *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1569 (11th Cir.1994).

In this case, because it was previously determined that the federal and non-federal claims arise out of the same case or controversy, judicial efficiency would be more properly served by the inclusion of the state claim. With the broad approach of "judicial economy" on this matter, this Court views the following reasons as persuasive. First, the evidence and witnesses for the claims are the same. Second, not exercising supplemental jurisdiction would require the simultaneous presentation of two trials which would require those same witnesses to be present at both. These offer strong motivation to not decline supplemental jurisdiction. Therefore, the Court will not decline to exercise proper supplemental jurisdiction over the non-federal claim. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Docket No. 87) be **DENIED** as to all Counts.