COPE, Judge.
In this case the former wife appeals the trial court’s denial of her request to execute upon the shares of the former husband’s professional association. We reverse.
Betty Brody and Steven Poliakoff were divorced in 1990. Pursuant to the final judgment of dissolution the court ordered Polia-koff to pay child support and alimony. In 1992, Brody sought to have Poliakoff held in contempt for failure to pay the ordered support. Following a seven-day trial, the court found that Poliakoff had the ability to pay and that he had wilfully failed to do so.[1] The trial court held Poliakoff in wilful contempt for his failure to pay. An appeal of that order was dismissed and thereafter the trial court entered a final judgment in the amount of $315,614.98 for support arrearages.
Subsequently, Brody attempted to execute upon the arrearage final judgment. In an effort to collect on the judgment Brody filed a Motion to Compel Turnover of Stock in *442 which she sought leave to hold a sheriffs sale of the stock of the professional association through which Poliakoff carries on his medical practice. Poliakoff then filed a motion to stay surrender of the stock.
After a hearing on the motions the trial court entered an order denying Brody’s motion and granting Poliakoffs motion for stay. The trial court reasoned that Polia-koffs professional association was his major income producing asset and the source of funds from which he is to earn income to pay his ongoing alimony and child support obligations. However, the order did not provide any procedure which would assure that payment would be made to Brody on the support obligations and arrearages. The net effect of the stay order is to protect Poliakoff but not Brody. In that respect the trial court erred.
Although a trial court has the discretion to protect income producing assets from which child support and alimony are paid, Young, Stern & Tannenbaum, P.A. v. Ernst, 453 So.2d 99, 102 (Fla. 3d DCA 1984), that discretion must be exercised so that adequate provisions are made to permit the payee former spouse to obtain monies owed by a recalcitrant payor former spouse. In this case, such protections could have been provided by (for example) an appropriate and enforceable income deduction order (one that would ensure Brody was paid directly by the business or its bank without Poliakoffs interference); a payment schedule set by the court with execution to follow if Poliakoff fails to pay; or the posting of a substantial bond against which Brody could draw in the event of non-payment. The trial court may consider any appropriate solution and is not confined to the three just-stated examples. However, the payment plan must assure payment of Poliakoffs current support obligations and appropriate installment payments on the arrearages.
Absent the provision of adequate measures to assure that she is paid, Brody is entitled to execute upon the stock of the professional association. Street v. Sugerman, 202 So.2d 749, 751 (Fla.1967). Consequently, we must ns § D <5 r=) ts <D 4 % ■ CD hS W CD É? CD 8 & 8 § QCD hi I rr 8 o o CD CD g-

. The trial court also granted Brody’s motion for upward modification of the support, but that portion of the order is not before us.